

**STATE OF TENNESSEE
DEPARTMENT OF COMMERCE AND INSURANCE**
500 JAMES ROBERTSON PARKWAY
NASHVILLE, TN 37243-1131

November 01, 2007

Banner Life Insurance Company
1701 Research Blvd, Attn: Corporate Secretary
Rockville, MD 20850
NAIC # 94250

CERTIFIED MAIL
RETURN RECEIPT REQUESTED
7006 2760 0002 9672 6433
Cashier # 6304

Re: Stephen E. Dawson V. Banner Life Insurance Company

Docket # 30682-C

To Whom It May Concern:

We are enclosing herewith a document that has been served on this department on your behalf in connection with the above-styled matter.

I hereby make oath that the attached Breach Of Contract Complaint was served on me on October 29, 2007 by Stephen E. Dawson pursuant to Tenn. Code Ann. § 56-2-504 or § 56-2-506. A copy of this document is being sent to the Circuit Court of Sumner County, TN.

Brenda C. Meade
Designated Agent
Service of Process

Enclosures

cc: Circuit Court Clerk
    Sumner County
    P O Box 549
    Gallatin, Tn 37066

2007 NOV 6 AM 9:15

Service of Process 615.532.5260

**EXHIBIT A**


**COPY**

| STATE OF TENNESSEE<br>18th JUDICIAL DISTRICT<br>CIRCUIT COURT | SUMMONS | CASE FILE NUMBER<br>30682-C |
|---|---|---|
| PLAINTIFF<br><br>STEPHEN E. DAWSON, individually and as Executor of the Estate of BRENDA LEA CRABTREE | | DEFENDANT<br><br>BANNER LIFE INSURANCE COMPANY and STEVEN RAY ROUSSEL, individually and d/b/a ROUSSEL AND ASSOCIATES |

TO: (NAME AND ADDRESS OF DEFENDANT)

BANNER LIFE INSURANCE COMPANY
1701 Research Boulevard
Rockville, MD 20850

Method of Service:
☐ Certified Mail
☐ Sumner Co. Sheriff
■ *Comm. of Insurance
☐ *Secretary of State
☐ *Out of County Sheriff
☐ Private Process Server
☐ Other
*Attach Required Fees

List each defendant on a separate summons.

To the above named Defendant:

YOU ARE SUMMONED TO DEFEND A CIVIL ACTION FILED AGAINST YOU IN CIRCUIT COURT, SUMNER COUNTY, TENNESSEE. YOUR DEFENSE MUST BE MADE WITHIN THIRTY (30) DAYS FROM THE DATE THIS SUMMONS IS SERVED UPON YOU. YOU MUST FILE YOUR DEFENSE WITH THE CLERK OF THE COURT AND SEND A COPY TO THE PLAINTIFF'S ATTORNEY AT THE ADDRESS LISTED BELOW. IF YOU FAIL TO DEFEND THIS ACTION BY THE ABOVE DATE, JUDGMENT BY DEFAULT CAN BE RENDERED AGAINST YOU FOR THE RELIEF SOUGHT IN THE COMPLAINT.

| Attorney for plaintiff or plaintiff if filing Pro Se:<br>(Name, address & telephone number)<br><br>Stephen W. Grace<br>144 Second Avenue North<br>Suite 200<br>Nashville, TN 37201<br>(615) 255-5225 | FILED, ISSUED & ATTESTED<br><br>October 25, 2007<br>MAHAILIH HUGHES, Clerk<br>By: _Loni Lee_<br>Courthouse, Public Square<br>Gallatin, TN 37066<br><br>Deputy Clerk _file 3rd morning_ |
|---|---|
| TO THE SHERIFF: | DATE RECEIVED<br><br><br>Sheriff |

***Submit one original plus one copy
for each defendant to be served.


ADA FOR ASSISTANCE CALL 615-451-6023

## RETURN ON SERVICE OF SUMMONS

I hereby return this summons as follows: (Name of Party Served) _____

☐ Served _____
☐ Not Served _____

☐ Not Found _____
☐ Other _____

DATE OF RETURN: _____

By: _____
Sheriff/or other authorized person to serve process

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return that on the _____ day of _____, 20___, I sent, postage prepaid, by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in case _____ to the defendant _____, on the _____ day of _____, 20___. I received the return receipt, which had been signed by _____ on the _____ day of _____, 20___. The return receipt is attached to this original summons to be filed by the Clerk.

Sworn to and subscribed before me on this _____ day of _____, 20___.

Signature of ____ Notary Public or ____ Deputy Clerk

Signature of plaintiff, plaintiff's attorney or other person authorized by statute to serve process.

My Commission Expires: _____

### NOTICE OF PERSONAL PROPERTY EXEMPTION

TO THE DEFENDANT(S):

Tennessee law provides a four thousand dollar ($4,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

Mail list to: Circuit Court Clerk
Courthouse, Public Square
Gallatin, TN 37066

Please state file number on list.

ATTACH
RETURN
RECEIPT
HERE
(IF APPLICABLE)

## CERTIFICATION (IF APPLICABLE)

I, Mahailiah Hughes, Clerk of the Circuit Court in the State of Tennessee, Sumner County, do certify this to be a true and correct copy of the original summons issued in this case.

MAHAILIAH HUGHES, Clerk & Master

By: _____
Deputy Clerk

IN THE CIRCUIT COURT FOR SUMNER COUNTY TENNESSEE

STEPHEN E. (STEVE) DAWSON, )
individually and as Executor of the Estate )
of Brenda Lea Crabtree, )
                                                 )
               Plaintiff, )
                                     ) No. 30682-C
VS. ) JURY DEMAND
                                    )
BANNER LIFE INSURANCE COMPANY )
and STEVEN RAY ROUSSEL, individually )
and d/b/a ROUSSEL AND ASSOCIATES )
                                        )
               Defendants. )

FILED 8:15 A.M.
OCT 2 5 2007
MAHAILIAH HUGHES, CLERK
BY _____ D.C.

## COMPLAINT

For his Complaint against defendants Banner Life Insurance Company ("Banner Life") and Steven Ray Roussel, individually and d/b/a Roussel and Associates ("Roussel"), plaintiff Stephen E. Dawson (individually and as Executor of the Estate of Brenda Lea Crabtree) states:

### I. PARTIES

1. Plaintiff is a resident of Murfreesboro, Rutherford County, Tennessee, and the primary beneficiary of an insurance policy issued by Banner Life and sold by Roussel insuring the life of his deceased spouse, Brenda Lea Crabtree. Plaintiff is the Executor of the Estate of Brenda Lea Crabtree.

2. Defendant Banner Life is an insurance company authorized to issue and issuing life insurance policies in the State of Tennessee. Banner Life has its principal office located at 1701 Research Boulevard, Rockville, Maryland 20850 and may be served with process through the Tennessee Commissioner of Insurance.



3. Defendant Steven Ray Roussel is a resident of Nashville, Davidson County and may be served with process at his residence, 5202 Shenandoah Court, Nashville, Tennessee 37220. At all times material hereto, Roussel was licensed as an insurance producer by the State of Tennessee, and Roussel acted as an insurance producer through the company he owns, Roussel and Associates.

## II. JURISDICTION AND VENUE

4. Plaintiff brings this action against defendant Banner Life for breach of an insurance contract, for bad faith refusal to pay on the insurance contract pursuant to Tenn. Code Ann. § 56-7-105, for prejudgment interest pursuant to Tenn. Code Ann. § 56-7-315 and for violation of the Tennessee Consumer Protection Act, Tenn. Code. Ann. §§ 47-18-101, et seq.

5. Plaintiff brings this action against defendant Roussel for negligence and for violation of the Tennessee Consumer Protection Act, Tenn. Code. Ann. §§ 47-18-101, et seq.

6. The Court has jurisdiction under Tenn. Code Ann. § 16-10-101. Venue is proper in this Court pursuant to Tenn. Code Ann. § 20-4-101.

## III. FACTS

7. In early 2005, Brenda Lea Crabtree contacted defendant Roussel, an independent insurance producer, about purchasing a policy of life insurance. Defendant Roussel gathered information from Brenda Lea Crabtree and, on March 29, 2005, defendant Roussel assisted Brenda Lea Crabtree in making application for a life insurance policy from defendant Banner Life.

8. Brenda Lea Crabtree was completely truthful with all information she provided in the life insurance application completed for Banner Life.

287330

2

Case 3:07-cv-01166   Document 1-1   Filed 11/27/07   Page 5 of 11 PageID #: 10

9. Defendant Banner Life conducted a thorough and complete investigation into the information provided by Brenda Lea Crabtree and, on June 23, 2005, Banner Life delivered to Brenda Lea Crabtree through defendant Roussel the life insurance contract attached hereto as Exhibit 1.

10. As part of delivering the life insurance contract to Brenda Lea Crabtree, defendant Roussel met with Ms. Crabtree in Gallatin, Sumner County, Tennessee and secured her signature on additional contract documentation and collected an insurance premium form her.

11. Brenda Lea Crabtree paid all premiums due under the terms of the life insurance contract and complied with all requirements of the contract.

12. On March 13, 2007, and while the life insurance contract was in force and paid for, Brenda Lea Crabtree died.

13. Following Ms. Crabtree's death, plaintiff, as Ms. Crabtree's surviving spouse and primary beneficiary under the life insurance contract, made demand that defendant Banner Life pay according to the life insurance contract.

14. Defendant Banner Life failed and refused to pay according to the life insurance contract.

## IV. CAUSES OF ACTION

### Count I- Against Defendant Banner Life
### Claim For Breach of Insurance Contract

15. Plaintiff hereby incorporates and realleges the factual averments as set forth in paragraphs 1 through 14 herein.

16. Defendant Banner Life failed and refused to perform under the terms of the life insurance contract under which plaintiff is the primary beneficiary.

Case 3:07-cv-01166 Document 1-1 Filed 11/27/07 Page 6 of 11 PageID #: 11

17. Banner Life's actions constitute a breach of contract and have caused plaintiff to suffer damages.

18. As a result of its breach of contract, Banner Life is liable to plaintiff in an amount to be determined by the jury for the damages plaintiff has incurred.

## *Count 2- Against Defendant Banner Life*
## *Claim For Bad Faith Refusal to Pay Claim*

19. Plaintiff hereby incorporates and realleges the factual averments as set forth in paragraphs 1 through 18 herein.

20. Defendant Banner Life's failure and refusal to perform under the terms of the life insurance contract within sixty days of demand was not in good faith and caused plaintiff to incur delay, damage, expense and attorney's fees.

21. Banner Life's actions constitute bad faith refusal to pay pursuant to Tenn. Code Ann. § 56-7-105.

22. As a result of its bad faith refusal to pay, Banner Life is liable to plaintiff in an amount to be determined by the jury for the bad faith penalty in the additional amount of twenty-five percent (25%) of the total damages defendant has caused.

## *Count 3- Against Defendant Banner Life*
## *Claim For Prejudgment Interest*

23. Plaintiff hereby incorporates and realleges the factual averments as set forth in paragraphs 1 through 22 herein.

24. Pursuant to Tenn. Code Ann. § 56-7-315, defendant Banner Life is liable to plaintiff for pre-judgment interest on the amounts it should have plaintiff, with such interest compounding annually beginning on March 28, 2007.

287330

4

Case 3:07-cv-01166 Document 1-1 Filed 11/27/07 Page 7 of 11 PageID #: 12

## Count 4- Against Defendant Roussel
## Claim For Negligence

25. Plaintiff hereby incorporates and realleges the factual averments as set forth in paragraphs 1 through 24 herein.

26. Defendant Roussel as an independent insurance producer and agent owed to Brenda Lea Crabtree a duty to exercise due care to ensure that Brenda Lea Crabtree selected an insurance product that best suited her individual needs from a company that would pay according to the policy terms and to ensure that she understood the full and complete importance, meaning and effect of the insurance application, policy, binder and related documents she signed or executed.

27. Defendant Roussel as an independent insurance producer and agent owed to Brenda Lea Crabtree a duty to exercise due care to ensure that Brenda Lea Crabtree understood that defendant Banner Life by policy and practice would perform a detailed investigation and refuse to pay under any life insurance contract in which the insured died within twenty-four months from issuance of the policy if there was any factual misstatement or variance in the insurance application or policy issuance documents.

28. Defendant Roussel breached his duties and was thereby negligent.

29. As a proximate result of defendant Roussel's breach of duties, plaintiff has suffered damages.

## Count 5- Against Both Defendants
## Claim For Violation of the Tennessee Consumer Protection Act

30. Plaintiff hereby incorporates and realleges the factual averments as set for in paragraphs 1 through 29 herein.

31. Defendants willfully and knowingly engaged in unfair and/or deceptive acts

and/or practices affecting the conduct of trade and/or commerce.

32. Defendants violated the Tennessee Consumer Protection Act, Tenn. Code. Ann. §§ 47-18-101, et seq.

33. Defendants' actions caused plaintiff to suffer an ascertainable loss of money.

34. As a result of defendants' actions in violation of the Tennessee Consumer Protection Act, Tenn. Code. Ann. §§ 47-18-101, et seq., defendants are liable to plaintiff in an amount to be determined by the jury for the damages they have caused.

34. As a result of defendants' actions in violation of the Tennessee Consumer Protection Act, Tenn. Code. Ann. §§ 47-18-101, et seq., defendants are liable to plaintiff for treble damages and attorney's fees.

**WHEREFORE,** premises considered, plaintiff demands the following relief:

1. An award of damages against defendants in an amount to be determined by the jury;

2. An award of pre-judgment interest, treble damages, the bad faith penalty and attorney's fees;

3. A jury for the trial of this action; and

4. Such other, further and general relief to which he may be entitled.

Stephen W. Grace, No. 14867
144 Second Avenue, North
Suite 200
Nashville, Tennessee 37201
(615) 255-5225

Attorney for Plaintiff

POLICY SCHEDULE

| FORM NUMBER | TYPE OF COVERAGE | EXPIRATION DATE | FACE AMOUNT | *ANNUAL PREMIUM | RATING CLASSIFICATION |
|---|---|---|---|---|---|
| RT-97 | RENEWABLE AND CONVERTIBLE TERM | 06/29/2057 | $400,000 | $852.00 | STANDARD TOBACCO |
| | POLICY FEE | | | $50.00 | |
| | | | TOTAL | $902.00 | |

MAXIMUM ANNUAL PREMIUM: YEAR 1 $902.00
YEARS 2 + SEE SCHEDULE PAGE 3A

* PREMIUMS MAY BE CHANGED AS PROVIDED IN THE CHANGE OF PREMIUM PROVISION, BUT THE ANNUAL PREMIUM WILL NOT EXCEED THE MAXIMUM ANNUAL PREMIUM SHOWN.

PREMIUM MODE: MONTHLY
PREMIUM DUE DATE: 06/29

| *PREMIUM MODES AVAILABLE: | ANNUAL | SEMI-ANNUAL | QUARTERLY | PAC |
|---|---|---|---|---|
| | $902.00 | $460.02 | $234.52 | $78.93 |

END OF CONVERSION PERIOD: 06/28/2015
END EXCHANGE PERIOD: 06/28/2015

| INSURED: | BRENDA CRABTREE | TERM PERIOD: | 10 YEARS |
|---|---|---|---|
| ISSUE AGE & SEX: | 43 FEMALE | ISSUE DATE: | 06/08/2005 |
| OWNER: | BRENDA CRABTREE | POLICY DATE: | 06/29/2005 |
| | | POLICY NUMBER: | 178835529 |

RT-97　　　　　　　　　　　　　　　　　　　　　Page 3　　　　　　　　　　　　　　　　　　　　P# 01



Case 3:07-cv-01166   Document 1-1   Filed 11/27/07   Page 10 of 11 PageID #: 15

POLICY SCHEDULE (CONTINUED)

| YEAR | MAXIMUM ANNUAL RENEWAL PREMIUM | YEAR | MAXIMUM ANNUAL RENEWAL PREMIUM |
|---|---|---|---|
| 2 | 902.00 | 28 | 22,970.00 |
| 3 | 902.00 | 29 | 25,630.00 |
| 4 | 902.00 | 30 | 28,902.00 |
| 5 | 902.00 | 31 | 32,902.00 |
| 6 | 902.00 | 32 | 37,618.00 |
| 7 | 902.00 | 33 | 42,958.00 |
| 8 | 902.00 | 34 | 48,854.00 |
| 9 | 902.00 | 35 | 55,210.00 |
| 10 | 902.00 | 36 | 62,014.00 |
| 11 | 4,930.00 | 37 | 69,462.00 |
| 12 | 5,302.00 | 38 | 77,834.00 |
| 13 | 5,690.00 | 39 | 87,410.00 |
| 14 | 6,082.00 | 40 | 98,462.00 |
| 15 | 6,454.00 | 41 | 111,150.00 |
| 16 | 6,802.00 | 42 | 126,166.00 |
| 17 | 7,162.00 | 43 | 141,642.00 |
| 18 | 7,558.00 | 44 | 159,410.00 |
| 19 | 8,334.00 | 45 | 177,146.00 |
| 20 | 9,258.00 | 46 | 197,382.00 |
| 21 | 10,466.00 | 47 | 217,334.00 |
| 22 | 11,834.00 | 48 | 240,402.00 |
| 23 | 13,398.00 | 49 | 265,410.00 |
| 24 | 15,018.00 | 50 | 293,050.00 |
| 25 | 16,758.00 | 51 | 324,594.00 |
| 26 | 18,442.00 | 52 | 363,154.00 |
| 27 | 20,866.00 | | |

Case 3:07-cv-01166 Document 1-1 Filed 11/27/07 Page 11 of 11 PageID #: 16